**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| SHAYLA M. MAYWEATHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. |
| v. | ) | |
| | ) | |
| LARRY J. SEHLSTROM; | ) | |
| WILLIAMS EXPRESS, INC.; AND | ) | JURY TRIAL DEMANDED |
| XYZ COMPANIES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW Shayla M. Mayweather, by and through her counsel of record, and files this Complaint for Damages, showing this Honorable Court as follows:

**NATURE OF COMPLAINT**

1.    This is a civil action for damages against Defendants arising out of a motor vehicle collision. Plaintiff brings this action to obtain full and complete relief from Defendants.

**PARTIES, JURISDICTION, AND VENUE**

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, under diversity of citizenship. More than $75,000 is in controversy, and Plaintiff and Defendants are citizens of different states for purposes of diversity.

1

2.    Plaintiff Shayla M. Mayweather is a citizen and resident of Cook County, Illinois.

3.    Plaintiff sustained personal injuries after her vehicle was struck from behind by a semi-truck on Interstate 75 Southbound in Ringgold, Catoosa County, Georgia.

4.    Defendant Larry J. Sehlstrom ("Defendant Sehlstrom") is a citizen and resident of Fisher, Minnesota. At all times relevant hereto, Defendant Sehlstrom was an employee/agent of Defendant Williams Express, Inc. ("Defendant Williams Express") and was the driver of a 2020 Mack Anthem tractor-trailer that severely injured the Plaintiff. Defendant Sehlstrom can be served with process at his residence at 416 Thompson Avenue, Apt. 1, Fisher, MN 56723.

5.    Defendant Williams Express, Inc. is a for-profit business entity organized and existing under the laws of the state of Minnesota. Its principal place of business is located at 245 State Highway 11, Williams, MN 56686. Service may be had upon this Defendant via its designated Process Agent for Blanket Company (BOC –3), Logistic/TTS Resident Agents Service c/o Joseph R. Cullens, P.C., 295 West Crossville Rd., Suite 310, Roswell, GA 30075.

6.    Defendant XYZ Companies Nos. 1-3 are not-yet-identified entities which either owned, operated, maintained, controlled, or were otherwise responsible

for the tractor and/or trailer in the motor vehicle collision pertinent to this action and/or employed, were a principal of, or otherwise had an agent/principal relationship with the named Defendants on the date of the wreck at issue, or are otherwise liable for the wreck at issue. Defendants XYZ Companies Nos. 1-3 will be named and served with Summons and Complaint once their respective identities are revealed.

7. That herein, Defendant Williams Express, Defendant Sehlstrom, and Defendants XYZ are referred to collectively as the "Defendants."

8. In accordance with 28 U.S.C. § 1391(b)(2), venue is proper in the Northern District of Georgia, Rome Division, as the incident causing the tortious injury giving rise to this Complaint took place in Ringgold, Catoosa County, Georgia, which is within the Rome Division. Defendants also transact business within the Northern District of Georgia and are therefore subject to personal jurisdiction. As pleaded herein, subject matter jurisdiction, personal jurisdiction, and venue are proper.

## DEFENDANT WILLIAMS EXPRESS' ORGANIZATIONAL STRUCTURE

10. At all times relevant to the Complaint, Defendant Sehlstrom was employed and working in the course and scope of his employment with Defendant Williams Express. Defendant Sehlstrom operated the tractor-trailer in furtherance of Williams Express's business.

3

11.    Defendant Williams Express is liable for all Defendant Sehlstrom's acts under the doctrine of *respondeat superior*, agency, ostensible/apparent agency, and/or master-servant doctrines.

12.    That at all times material, Defendant Williams Express was the owner and/or lessor of the commercial tractor-trailer driven by Defendant Sehlstrom, which was being operated in furtherance of Defendant Williams Express's business purposes.

13.    Defendant Williams Express chose to retain, and/or hire Defendant Sehlstrom without ensuring that he could operate in a safe and competent manner.

## GENERAL ALLEGATIONS

14.    Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

15.    That on or about August 15, 2024, Defendant Sehlstrom, in his capacity as an employee/agent and/or apparent agent of Defendant Williams Express, was traveling southbound on Interstate 75 in Ringgold, Catoosa County, Georgia.

16.    That on or about August 15, 2024, Defendant Sehlstrom recklessly collided with the rear of the vehicle occupied by Plaintiff.

17.    Defendant Sehlstrom was inattentive, following too closely, and driving in a reckless and careless manner.

18.    As a result of Defendants' negligence, Plaintiff suffered injuries.

4

19. In addition to the above, Defendant Sehlstrom was negligent *per se* in violating laws of the State of Georgia. Specifically, Defendant Sehlstrom violated O.C.G.A. § 40-6-93 in failing to exercise due care; and O.C.G.A. § 40-6-390 for driving recklessly.

20. That at all times material hereto, Defendant Sehlstrom had a duty to operate the vehicle he was driving in a safe and prudent manner and to avoid injuring other motorists, specifically the Plaintiff.

21. Defendant Sehlstrom chose not to operate the tractor-trailer with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff. All Defendants are legally responsible for these actions and inactions of Defendant Sehlstrom.

22. Plaintiff acted with reasonable care under the conditions and circumstances then existing.

23. Plaintiff did nothing to contribute to her bodily injuries.

### COUNT ONE - NEGLIGENCE OF LARRY J. SEHLSTROM

24. Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

25. At all times material hereto, Defendant Sehlstrom was a professional driver with a commercial driver's license, and, at the time of the incident, was driving

a dangerous vehicle entrusted to him by Defendant Williams Express.

26. At all times material hereto, Defendant Sehlstrom owed a duty of care to maintain and operate the commercial motor vehicle in a safe manner in compliance with all safety rules, including statutes, rules and regulations governing the operation and maintenance of vehicles including tractor trailers upon Georgia roadways.

27. Defendant Sehlstrom was negligent in the operation, maintenance, and inspection of the commercial motor vehicle he was driving.

28. Defendant Sehlstrom was driving in a grossly negligent manner, including driving recklessly.

29. Defendant Sehlstrom's actions in failing to stop and/or slow his tractor-trailer showed willful misconduct or an entire want of care, which would raise the presumption of conscious indifference to consequences as defined by O.C.G.A. § 51-12-5.1. Thus, Plaintiff is also entitled to an award of punitive damages.

30. Defendant Sehlstrom was negligent, grossly negligent, and/or negligent *per se* which constitutes the direct and proximate cause of the injury to Plaintiff, also consisted of, but is not limited to the following:

    a. Not maintaining control of his vehicle in violation of O.C.G.A. § 40-6-48;

6

b.  Driving an unsafe vehicle in violation of O.C.G.A. § 40-8-7;

c.  Not keeping his vehicle under control at all times, in violation of O.C.G.A. § 40-6-390;

d.  Not exercising due care in operating a motor vehicle in violation of O.C.G.A. § 40-6-241;

e.  Acting in reckless disregard for the safety of persons or property in violation of O.C.G.A. § 40-6-241.2;

f.  Not keeping a proper lookout;

g.  Not adhering to safe driving principles expected of professional drivers;

h.  Not operating the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

i.  Violating the Georgia Uniform Rules of the Road including O.C.G.A. § 40-6-49 (following too closely); O.C.G.A. § 40-6-180 (failing to drive his vehicle at a reasonable and prudent speed under the conditions); O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property); and any other violations, each of which constitute negligence *per se*;

j.  Otherwise failing to act reasonably and prudently as a professional

7

commercial driver should under the circumstances; and

k.   Such other specifications of negligence that shall be added by amendment or proven at trial.

31.   Alone or in conjunction with the negligence of the other Defendants, Defendant Sehlstrom's negligence directly and proximately caused Plaintiff's injuries and damages. Defendant Sehlstrom is therefore liable for Plaintiff's injuries and damages.

## COUNT TWO - NEGLIGENCE OF WILLIAMS EXPRESS, INC.

32.   Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

33.   At all times material hereto, Defendant Sehlstrom was an employee, agent, and/or apparent agent of Defendant Williams Express acting within the scope of course of his employment or agency.

34.   At all times material hereto, Defendant Sehlstrom was operating a commercial motor vehicle under dispatch and under the authority granted to Defendant Sehlstrom by Defendant Williams Express.

35.   At all times material hereto, Defendant Williams Express maintained immediate direction and control of Defendant Sehlstrom, and the vehicle he was operating.

36.   Plaintiff suffered injuries, harm, and damages as a result of Defendant

Williams Express employee's operation of the subject vehicle in a negligent and reckless manner.

37. Defendant Williams Express is liable for its own negligence and for the tortious acts, negligence and for the negligent actions and omissions of Defendant Sehlstrom, pursuant to the doctrine of *respondeat superior*, rules of agency and by operation of common law, apparent agency, and Federal Motor Carrier statutes and regulations.

38. As a direct and proximate result of the foregoing breaches of duties, Plaintiff did suffer the injuries and damages laid out herein.

## COUNT THREE - NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION BY DEFENDANT WILLIAMS EXPRESS, INC.

39. Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

40. Defendant Williams Express has certain duties and responsibilities, including but not limited to those defined by State trucking safety regulations and trucking industry standards.

41. Those duties include the duty to properly qualify Defendant Sehlstrom, the duty to properly train Defendant Sehlstrom, the duty to properly supervise Defendant Sehlstrom, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement appropriate management

controls and systems for the safe operation of its commercial motor vehicle.

42. Defendant Williams Express was negligent and/or grossly negligent in one or more of the following particulars:

   a. In negligently entrusting the vehicle to someone Defendant knew or should have known would operate the vehicle without using due care and without regard for the safety and rights of the public using the roadway and the Plaintiff in particular;

   b. In negligently entrusting the vehicle to someone they knew or should have known would operate the vehicle in a negligent, grossly negligent, careless, reckless, willful, wanton, and unlawful manner as to create a dangerous situation and render a collision inevitable or highly likely, in disregard of the laws of the State of Georgia;

   c. In negligently entrusting the vehicle to someone they knew or should have known would fail to exercise that degree of care that a reasonable and prudent person would have exercised under the same or similar circumstances;

   d. In choosing not to appreciate the gravity and seriousness of having an unsafe, unqualified driver with a history of careless driving use their vehicle;

   e. In choosing not to ensure that the driver of their vehicle would comply with all applicable statutory codes and regulations;

   f. In choosing not to properly hire, train, and/or supervise their employee/agent driver Defendant Sehlstrom to ensure that the vehicle was driven and operated in a safe and proper manner;

   g. In choosing not to properly train and/or supervise their employee/agent driver Defendant Sehlstrom and others involved with maintenance, repair, regulatory compliance, and/or safety to ensure that proper pre-trip, post-trip, periodic, quarterly, and/or annual inspections were performed, including properly on the subject vehicle, and its component parts;

   h. In choosing, by and through their employee/agent driver Defendant

10

Sehlstrom, not to have the required driver knowledge necessary in order to safely operate the subject vehicle, including but not limited to the procedures to obey traffic laws and the rules of the road;

i. In choosing not to create, maintain, and/or implement appropriate policies and procedures related to inspection and safety for its drivers, including their employee/agent driver Defendant Sehlstrom, and for safety, regulatory compliance, and/or inspection, maintenance, and service of motor vehicle;

j. In choosing not to use due care;

k. In any other acts that represent a breach of the statutory or common laws of the State of Georgia or the United States; and

l. In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

43. Defendant Williams Express hired and retained Defendant Sehlstrom and allowed him to operate a vehicle while in its employ.

44. Defendant failed to terminate Defendant Sehlstrom prior to this collision and continued to allow him to operate the commercial motor vehicle to facilitate Defendant's business interests.

45. Defendant Williams Express was independently negligent in hiring, qualifying, training, entrusting, supervising, and retaining Defendant Sehlstrom in connection with his operation of its commercial motor vehicle.

46. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendants, as is set forth more fully herein, Plaintiff was injured, has endured pain and suffering,

has suffered mentally and emotionally, and has incurred, and will incur, various medical expenses, and has otherwise been damaged and injured.

47. As a direct and proximate result of negligence of Defendant Williams Express and Defendant Sehlstrom, Plaintiff sustained serious bodily injuries, pain and suffering, and lost wages.

48. Defendant Williams Express is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff in this case.

## COUNT FOUR - LIABILITY OF XYZ COMPANIES 1-3

49. Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

50. Upon information and belief, Defendant Williams Express and Defendant Sehlstrom contracted with and/or were agents of XYZ Companies 1-3.

51. XYZ Companies 1-3 have yet to be named, but Plaintiff is entitled to recover from XYZ Companies 1-3 for the negligence of Defendant Williams Express and their employee/agent.

52. XYZ Companies may be liable to Plaintiff for negligently maintaining the tractor and/or trailer that collided with Plaintiff causing her injuries.

53. Plaintiff has a cause of action against Defendant XYZ Companies 1-3 and is entitled to recover for her damages.

## DAMAGES

54.    Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of the Complaint.

55.    Defendants directly and proximately caused Plaintiff's injuries through one or more of the negligent acts or omissions stated above.  Therefore, Defendants are directly and/or vicariously liable for Plaintiff's injuries that resulted from this wreck.

56.    That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendants, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

a.    In being required to expend monies for her medical care;

b.    Personal injuries;

c.    All elements of pain and suffering, both mental and physical;

d.    Pecuniary loss including loss of income, lost wages and loss of earnings capacity; and

e.    Any other elements of damages allowable under applicable Georgia law.

57.    Plaintiff has incurred medical specials and continues to treat for her injuries sustained in this incident.

58.    That as a direct and proximate result of the negligence, gross negligence,

13

carelessness, recklessness, willfulness and wantonness of Defendants, as is set forth more fully above, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred, and will incur, various medical expenses, and has otherwise been damaged and injured.

59.    Plaintiff is entitled to judgment against Defendants for actual, compensatory, and exemplary or punitive damages for her personal injuries set forth herein in an amount that is fair, just, and reasonable, plus whatever costs, interest, and attorneys' fees under O.C.G.A. § 13-6-11 that she may be entitled as determined by a jury.

**WHEREFORE**, PLAINTIFF demands and prays as follows:

a.    That process be issued and service be had upon Defendants as provided by law;

b.    For a trial by a jury as to all issues so triable;

c.    For judgment in favor of Plaintiff and against Defendants;

d.    That Plaintiff recovers all damages for all losses compensable under Georgia law as set forth above;

e.    That the Court award punitive damages against Defendants;

f.    That all expenses and costs of litigation, including attorney's fees be cast against the Defendants; and

g.    For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 13th day of July, 2026.

**SIGNATURE ON NEXT PAGE**

14

**HAMILTON & PADGETT, LLC**

Joseph R. Padgett
Georgia State Bar No.: 872672
William B. Podres, III
Georgia State Bar No.: 265284
*Attorneys for Plaintiff*

13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727
joseph@hamiltonpadgettlaw.com
william@hamiltonpadgettlaw.com

15